## SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

U.S. ALLIANCE MANAGEMENT CORP. D/B/A U.S. SECURITY including all of their officers, directors, representatives, shareholders, subsidiaries, owners, agents, employees, successors and assigns, BARON SEDAGHAT, including his heirs, representatives, attorneys, successors, and assigns, BEY SEDAGHAT, including his heirs, representatives, attorneys, successors, and assigns, and (hereinafter collectively referred to as "Defendants") and RODOLFO DIAZ, including his heirs, representatives, attorneys, successors, and assigns (hereafter collectively referred to as "Plaintiff"), for good and valuable consideration, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Settlement Agreement and General Release (the "Agreement"), the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of their employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Equal Pay Act; the Fair Labor Standards Act ("FLSA"); the Employee Retirement Income Security Act (ERISA); the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; the Florida Private Whistle-blower's Act of 1991; Chapter 11A of the Miami-Dade County Code; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof. This Release includes all claims which were, or could have been, asserted in the lawsuit of *Diaz v. U.S. Alliance Management Corp. et al*, Case No. 16-cv-23813-Lenard/McAliley, pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

**EXHIBIT A**

2. **Settlement Amount and Attorney's Fees.** In consideration of the promises of Plaintiff as set forth herein, the Parties agree to settle for a total of $5,575.00, which shall be made payable to "Koz Law, P.A. Trust Account" and delivered to Koz Law, P.A. within 7 days of Plaintiff's execution of this agreement. Out of the settlement proceeds, Plaintiff RODOLFO DIAZ is receiving $820.00, and Plaintiff's counsel is receiving $4,755.00 as fees and costs. Plaintiff's counsel will hold all funds in trust and not disburse the funds unless or until the Court dismisses this Litigation with prejudice. The Parties agree that this settlement represents a fair and reasonable resolution of Plaintiff's claims.

3. **Mutual Covenant of Confidentiality.** The parties agree that the fact of and terms of this Agreement are strictly confidential and, with the exception of either Plaintiff's spouses, counsel, accountants, Defendants' spouses, counsel, accountants, pursuant to a subpoena, to enforce this agreement, or to submit to the Court for review and approval of the Parties settlement agreement or others as required by applicable law, shall not be disclosed to any other persons, entities, or organizations, without prior written approval of both Plaintiff's counsel and Defendants' counsel.

4. **Indemnification.** Plaintiff is responsible for Plaintiff's tax liability derived from receipt of taxable income pursuant to this agreement.

5. **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

6. **Non Disparaging Remarks.** The parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants will only provide dates of employment, and/or positions held, and/or rates of pay.

7. **No Rehire/Re-Application.** Plaintiff understands and agrees that he will not be entitled to any future employment with the Defendant(s), its (or their) subsidiaries or affiliates. Plaintiff further agrees that he will not apply for or otherwise seek future employment with or engagement by the Defendant(s), its (or their) subsidiaries or affiliates in any capacity, including, but not limited to employee, independent contractor or vendor.

8. **Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida.

9. **Dismissal of Lawsuit.** Within five business (5) days of Plaintiff's counsel's receipt of this agreement signed by all Defendants, receipt of the settlement payments pursuant to section 2, and deposit and clearance of the funds in Plaintiff's counsel's trust account, Plaintiff's counsel will file with the Court in the Litigation a Motion for Approval of the Parties' Settlement Agreement and Dismissal With Prejudice of all claims asserted by Plaintiff in this Litigation with

**EXHIBIT A**

the Court to maintain jurisdiction to enforce the terms of this agreement, along with a proposed Order.

10. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

11. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

12. **Enforcement.** In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable fees and costs.

13. **Voluntariness.** Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

14. **Counterparts:** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

RODOLFO DIAZ

By: _Rodolfo J. Diaz_
RODOLFO DIAZ

Date: APRIL 5 / 2017

U.S. ALLIANCE MANAGEMENT CORP.
D/B/A U.S. SECURITY

By: _[signature]_

Printed Name: Bey Sedaghat

Title: President

Date: 4/10/17

BEY SEDAGHAT

By: _[signature]_
BEY SEDAGHAT

Date: 4/10/17

BARON SEDAGHAT

By: _Baron Sedaghat_
BARON SEDAGHAT

Date: 4/10/17

**EXHIBIT A**